UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX GEE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FBI – SAN DIEGO,<br><br>　　　　　　　　　Defendant. | Case No.: 3:18-cv-2378-GPC-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND VACATING THE HEARING DATE**<br><br>**[ECF No. 12]** |

Before the Court is Defendant FBI's Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 12. Plaintiff has not filed any opposition. Defendant filed a reply in support of the unopposed motion on January 13, 2020. ECF No. 15. For the reasons discussed below the Court **GRANTS** Defendant's motion and vacates the hearing date.

**BACKGROUND**

On March 29, 2019, Plaintiff filed the First Amended Complaint ("FAC") against Defendant alleging that he reported a kidnapping case to Defendant in or around October 2017. ECF No. 8. Plaintiff argues that Defendant is required to make available information related to the kidnapping case under the Freedom of Information Act, 5 U.S.C. § 552. In the motion to dismiss, Defendant argues that Plaintiff's FAC should be

1

3:18-cv-2378-GPC-MDD

dismissed because Plaintiff failed to properly serve the complaint and has additionally failed to state a cognizable claim. ECF No. 12.

Plaintiff Alex Gee filed the original complaint on October 17, 2018. ECF No. 1. Plaintiff subsequently filed the FAC on March 29, 2019. ECF No. 8. On December 11, 2019, the Court issued a briefing schedule requiring any opposition by Plaintiff to be filed on or before January 24, 2020 and scheduling a hearing for February 7, 2020. ECF No. 14. To date, Plaintiff has not filed an opposition.

## DISCUSSION

Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. As further described in Local Rule 7.1.f.3.a., any party choosing not to oppose a motion must file a written statement that he does not oppose the motion or otherwise request for ruling by the court. "If an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Local Rule 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *See Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995); *United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979). The Ninth Circuit also permits dismissal pursuant to a local rule where the party is acting *pro se.* Even though the court has an obligation to liberally construe their pleadings, *"pro se* litigants are bound by the rules of procedure." *Ghazali,* 46 F.3d at 54 (citing *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.' " *Ghazali,* 46 F.3d at 53 (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss based on Plaintiff's failure to file an opposition. *See Ghazali,* 46 F.3d at 53. The majority of the *Ghazali* factors weigh in favor of dismissal.

The Court's docket reflects that Plaintiff was served with copies of the motion to dismiss and the subsequent reply at the address listed by Plaintiff on the FAC –i.e., 5077 Santa Susana, Santa Barbara, CA 93111. ECF Nos. 13 and 16. Therefore, because Plaintiff has failed to comply with Civil Local Rule 7.1.f.3.c, the Court finds good cause to grant Defendant's unopposed motion to dismiss the FAC.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss as unopposed. *See* Civ. Local R. 7.1.f.3.c. *See also Ghazali*, 46 F.3d at 53; *Holt v. I.R.S.,* 231 Fed. Appx. 557, 558 (9th Cir. 2007) (court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting pro se plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition). Plaintiff's FAC is **DISMISSED** without prejudice**,** and the hearing on Defendant's motion, currently set for February 7, 2020, is **VACATED.**

**IT IS SO ORDERED.**

Dated: January 27, 2020

Hon. Gonzalo P. Curiel
United States District Judge